NO. 07-07-0484-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 14, 2008
_____

SALVADOR ELISO PENA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 55,243-B; HON. JOHN B. BOARD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Salvador Eliso Pena (appellant) appeals his conviction for possessing a controlled substance. Through one issue, he contends that the trial court erred by admitting testimony that violated Rule 404(a) of the Texas Rules of Evidence. The testimony consisted of a witness answering (after being asked how she knew appellant) that she knew him through "the dope game." This comment was deemed objectionable by appellant because it interjected an extraneous offense, its relevance was outweighed by

its undue prejudice, and it constituted a "general characterization of . . . [his] character." The grounds raised on appeal include the latter, *i.e.* character, due process, and equal protection and no more. We affirm the judgment.

To the extent that appellant now contends that he was denied both due process and equal protection by the trial court's decision to overrule his objection, we note that those grounds went unmentioned below. Consequently, they were waived. *See Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App.1995) (stating that the grounds urged on appeal must comport with those mentioned at trial, otherwise they are waived).

Regarding the reference to the "dope game" as an improper attack upon appellant's character, we immediately note that the witness did not say appellant was involved in selling or buying dope. Rather, she said she simply knew him from the "dope game." So, whether the comment can be read as attributing to appellant a bad character (or a penchant for engaging in the drug trade) is less than clear.

Nonetheless, after the utterance, the witness was asked to explain how long she knew appellant. So too did the prosecution return to the subject of the "dope game" and asked the witness if she was participating in that. She answered yes. She also admitted to selling drugs. Following this, the prosecutor asked: "[w]as it in the course of that - - and I'll call it a business relationship as well as a personal relationship, is that how you became associated with [appellant]." To that she answered "yes, sir," without objection from anyone. The latter circumstance, coupled with the lack of any prior request from appellant for a running objection to the purported effort to link appellant to the "dope game" is problematic. This is so because unless one obtains a running or continuous objection from the court about objectionable matter, he must complain each time that matter reappears;

2

if he does not, then the complaint is waived. *Lajoie v. State,* 237 S.W.3d 345, 350 (Tex. App.–Fort Worth 2007, no pet.). So, since appellant did not again object when the prosecutor returned to the topic of the "dope game" and asked if that was how she became associated with appellant, the latter waived his complaint.

Accordingly, we overrule the issue and affirm the judgment.


Brian Quinn
Chief Justice


Do not publish.